In re Oren Edward COOK and Shannon Faye Cook, Debtors.

Fred W. WOODSON, Trustee, Plaintiff,

v.

FORD MOTOR CREDIT COMPANY, Defendant.

No. 57000.

Supreme Court of Oklahoma.

Nov. 24, 1981.

Fred W. Woodson, Tulsa, for plaintiff.

Thomas G. Marsh, Deborah Cain, Dyer, Powers, Marsh, Turner & Armstrong, Tulsa, for defendant.

DOOLIN, Justice:

Pursuant to the provisions of 20 O.S.1980 § 1601 et seq., the United States District Court for the Northern District of Oklahoma, Bankruptcy Department, has certified two questions of law to the Supreme Court of the State of Oklahoma. Facts disclose that Doc Shook Ford, Inc. (Creditor) sold a vehicle to Oren Cook (Debtor). Both parties signed an Automobile Retail Installment Contract dated December 31, 1979. The contract granted a security interest in the vehicle to Creditor. Creditor properly assigned the contract to defendant, Ford Motor Credit Company (Ford). On January 18, 1980, the Certificate of Title was assigned by Creditor to Debtor. Creditor de-

livered the Certificate of Title, the lien entry form, and the required $3.00 filing fee to the Motor License Agent on January 25, 1980. The lien entry form contained the name and address of the secured party, but the date was incorrectly listed as January 18, 1980, instead of December 31, 1979. The lien entry was recorded by the Motor License Agent on January 25, 1980. A Certificate of Title was issued to Debtor on February 8, 1980, with the lien of Ford appearing on its face. On August 27, 1980, Debtor filed a voluntary Petition in Bankruptcy, listing the vehicle. Ford took possession of the vehicle on September 1, 1980 without actual knowledge of Debtor's bankruptcy.

We are asked to decide two questions of law. As certified those questions are:

(1) Whether the listing of the wrong date of the Security Agreement on the Lien Entry Form, pursuant to 47 O.S. Supp.1980 § 23.2b(A)(1), defeats the secured party's perfection.

(2) Whether case law under the Uniform Commercial Code, as to substantial compliance and the perfection of a security interest, may be used to interpret the perfection of a security agreement under the lien entry form statute.

We answer the first question in the negative and the second question in the affirmative.

Under the provisions of 20 O.S.Supp.1980 § 1602, this Court is given authority to:

... answer questions ... of law of this state ... as to which it appears ... there is no controlling precedent in the decisions ... of this state.

The Oklahoma Legislature created a new system of perfection of security liens in vehicles by enacting the Oklahoma Certificate of Title Statute, 47 O.S.Supp.1980 § 23.2b, separate from other secured transactions under the U.C.C. (Code).

Section 23.2b(A) specifically requires the lien entry form contain "... the name and address of the secured party and the *date of the security agreement* ...."

If we were concerned with a security interest under the U.C.C., there would be no requirement for listing the date of the security agreement. But the Oklahoma Certificate of Title Statute specifically exempts security interests in motor vehicles from the filing provisions of the Code. Where there are inconsistencies between the Code and Section 23.2b(A), the clear provision of the Title Statute controls. No such conflict exists in the case at hand.

Both parties agree that the lien entry form contains all of the statutorily required information including the date of the Security Agreement. The only dispute concerns the effect of an 18-day error in the notation of the date.

Although the Oklahoma Certificate of Title Statute does not expressly adopt the general concepts and principles of the Code for its interpretation and construction, it does not and should not stand severed from the modern law controlling security interests. We see no reason to adopt outmoded and harsh principles of construction in interpreting the sufficiency of perfecting a vehicle security agreement when most, if not all, other goods are subject to the liberal definitions of the Code. The Legislature rejected such archaic, strict construction when it passed the Code provisions prior to the Oklahoma Certificate of Title Statute. It further affirmed its conviction that the Code principles should apply when it incorporated the very language of the Code into § 23.2b. Section 23.2b of Title 47 adopts the definition for security interests found in the Code at § 1–201 of Title 12A. Such a reference demonstrates the intertwined nature of the Statute and the Code.

Notice of a security interest in a motor vehicle on a certificate of title is the equivalent of a financing statement of other types of goods under the Code. The concepts of the Code shall govern in determining the sufficiency of notice.

Interpreting a similar motor vehicle law, the Connecticut Court held in the case of *In Re Pollack*, 3 U.C.C. Reporting Service 267 (D.Conn.1966):

"... notice of a security interest in a motor vehicle on a certificate of title is in substitution for and the equivalent of a financing statement required of other types of personal property under the Code ... the concepts of the Code are held to govern in determining whether or not the notice here was sufficient."

The Attorney General of Oklahoma, in Opinion No. 79–220, adopted the Connecticut interpretation and stated, "... it is the legislative intent to (substitute) the Motor Vehicle Certificate of Title Law perfection to be filed at the Oklahoma Tax Commission in lieu of filing a U.C.C.–1 at the County Courthouse."

For the reasons stated we hold that Section 23.2b is properly construed as a notice filing statute with requirements similar to those of Article 9 of the U.C.C., holding Ford's security interest was perfected if it substantially complied with the statute. Whether the filing requirements have been substantially complied with so as to give requisite notice to other creditors depends on the facts of each case.

12A O.S.1971 § 9–402(5) provides that a filing substantially complies if it contains "minor errors" which are not "seriously misleading."

In *In Re Benson*, 3 U.C.C. Reporting Service 272 (D.Conn.1966), found that total omission of the date of the security agreement was not minor and rendered the application invalid.

In the case of *In Re Vielleux*, 5 U.C.C. Reporting Service 277 (D.Conn.1967), the court said:

"Thus, the question here is whether the date inserted in the application was so proximate to the correct date that it may reasonably be concluded that the error was minor and there was substantial compliance with the statute, or whether the inserted date was so grossly inaccurate that the error was major and constituted substantial failure to comply with the statutory requirement.

An error of two years in stating the date has been held ... to constitute such a gross inaccuracy as to be tantamount to

complete omission of the required date . . . . ."

An error of one year was found by the court to be gross and the equivalent of complete omission.

But in *In Re Pollack*, Id. at 269, 271, the court found an error in recording the day was minor and could not be seriously misleading. Filing was therefore in substantial compliance with the Act.

There can be no doubt that there was substantial compliance in the case at hand. The lien entry form contains the name and address of the secured party. The date of January 18, 1980, (the date Seller assigned the title to Debtor) was entered rather than the correct date of December 31, 1979. The Certificate of Title was issued with the lien of Ford appearing on its face. There is little possibility that such a minor error misled any potential creditor.

The court finds that the case law under the Code as to substantial compliance and the perfection of a security interest is to be used to interpret the perfection of a security agreement under the lien entry form statute.

Applying the standard of substantial compliance we find the listing of the wrong date of the security agreement on the lien entry form to be a minor one under the particular facts of this case.

Ford's security interest was therefore perfected.

IRWIN, C. J., BARNES, V. C. J., and HODGES, LAVENDER, SIMMS, HARGRAVE and OPALA, JJ., concur.